UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VANTAGE DRILLING COMPANY,** § | | |
| § | | |
| Plaintiff, § | | |
| v.  § | CASE NO. _____ | |
| § | | |
| **HSIN-CHI-SU A/K/A NOBU SU,** § | | |
| § | | |
| Defendants. § | | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §1446, defendant Hsin-Chi-Su a/k/a Nobu Su ("Su"), hereby removes the matter of *Vantage Drilling Co. v. Hsin-Chi-Su a/k/a Nobu Su*, Cause No. 2012-47755, from the 295th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas. The grounds for removal are as follows:

### A.   INTRODUCTION

1.   On August 21, 2012, plaintiff Vantage Drilling Company ("Vantage") filed a petition against defendant Su, initiating the Texas state court action in the 295th Judicial District of Harris County, Cause No. 2012-47755 (the "State Action"). A copy of the State Action is attached hereto as Exhibit 1.

2.   In the State Action, plaintiff asserts causes of action against Su for: a) breach of fiduciary duty; b) fraud, fraudulent inducement and negligent misrepresentation; and c) unjust enrichment. Plaintiff further seeks punitive damages in the action.

### B.   DIVERSITY OF CITIZENSHIP EXISTS

3.   Plaintiff alleges that it is incorporated under the laws of the Cayman Islands with its principal place of business in Houston, Texas. Plaintiff's Original Petition ("Pl.'s Pet."), ¶ 2.

Accordingly, for jurisdictional purposes, plaintiff is a citizen both of the Cayman Islands and Texas. *See Harris v. Black Clawson Company*, 961 F.2d 547 (5th Cir. 1992) ("A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.").

    4.    Defendant Su is a citizen of Taipei, Taiwan. Accordingly, there is complete diversity among the parties.

    5.    As required by 28 U.S.C. § 1441(b)(2), no citizen of the State of Texas is a defendant in this action.

**C.    AMOUNT IN CONTROVERSY**

    6.    The amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests under 28 U.S.C. § 1332(a).

    7.    To determine if the amount in controversy requirement is met, the Court must look first to the plaintiff's complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Plaintiff alleges that Su obtained approximately 100 million shares of Vantage stock (amounting to approximately 34 percent of the company's total shares), corporate control . . . and tens of millions of dollars in loans and outright cash from Vantage. *See* Pl.'s Pet, ¶ 6. Plaintiff brings various tort claims and seeks, among its request for damages "disgorgement of all profits and benefits, direct or indirect, received by Su." *See* Pl.'s Pet, ¶ 63. Accordingly, from the face of plaintiff's petition, the amount in controversy exceeds the $75,000 threshold for diversity actions. Thus, the jurisdictional amount in controversy is satisfied.

**D.    REMOVAL IS TIMELY**

    8.    Su was served with the pleading and citation in the State Action on September 26, 2012. Less than thirty (30) days have elapsed since Su's service, and therefore this Notice of Removal is timely under 28 U.S.C. §1446.

**D.     VENUE IS PROPER**

9.      The United States District Court for the Southern District of Texas, Houston Division encompasses Harris County, the county in which the state court action was filed.  *See* 28 U.S.C. § 124(b)(2).  Accordingly, removal to the Southern District of Texas is proper pursuant to 28 U.S.C. § 1441(a).

**E.     APPROPRIATE NOTICE WILL BE PROVIDED**

10.     Pursuant to 28 U.S.C. §§ 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the 295th Judicial Court of Harris County, Texas, where this case was originally filed.  Su is also serving plaintiff with this Notice of Removal.  By filing a Notice of Removal in this matter, Su does not waive his right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Su specifically reserves the right to assert any defenses and/or objections to which he may be entitled.

DATED:  October 22, 2012.

> Respectfully Submitted,
>
> By: /*s/Mark D. Manela*_____
> Mark D. Manela
> State Bar No. 12894500
> Southern District No. 1821
> 700 Louisiana, Suite 3400
> MAYER BROWN, LLP
> Houston, Texas 77002-2730
> Tel. (713) 238-3000
> Fax (713) 238-4888
> mmanela@mayerbrown.com
>
> **ATTORNEY-IN-CHARGE FOR DEFENDANT HSIN-CHI-SU A/K/A NOBU SU**

OF COUNSEL

Jessica Crutcher
State Bar No. 24055367
Southern District No. 675607
Quinncy McNeal
State Bar No. 24074690
Southern District No. 12502065
700 Louisiana, Suite 3400
MAYER BROWN, LLP
Houston, Texas 77002-2730
Tel. (713) 238-3000
Fax (713) 238-4888
jcrutcher@mayerbrown.com
qmcneal@mayerbrown.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October, 2012, a true and correct copy of Defendant's Notice of Removal has been served on all counsel of record by U.S. mail, postage prepaid, as follows:

Robin C. Gibbs
David Sheeren
Gibbs & Bruns, LLP
1100 Louisiana, Ste. 5300
Houston, TX 77002

Richard W. Mithoff
Sherie P. Beckman
Warner Hocker
Mithoff Law Firm
500 Dallas St., Ste. 3450
Houston, TX 77002

/s/Jessica Crutcher_____
Jessica Crutcher

703517738.2