UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANTAGE DRILLING COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION 4-12-CV-03131 |
| versus | § | |
| | § | |
| HSIN-CHI-SU, AKA NOBU SU, | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S RESPONSE TO THE COURT'S NOVEMBER 7, 2012 INSTRUCTION

TO THE HONORABLE JUDGE HUGHES:

1. Plaintiff Vantage Drilling Company ("Vantage") files this response to the Court's November 7, 2012 instruction (Dkt. No. 12).

2. As described in more detail in the attached Affidavit of Mark C. Howell, Vantage has ongoing and regular contact with its Registered Agent in the Cayman Islands, but it does not currently employ anyone in the Cayman Islands. However, Vantage is truly an international company: of Vantage's 610 employees, 565 (92.6%) are located outside of the United States, in locations such as India, Thailand, Indonesia, and Singapore, just to name a few. *Six* of its nine directors currently reside abroad. This case does not involve a purely (or even largely) local company suing an alien citizen in state court. Vantage's headquarters—and 45 of its employees—may be in Houston, but its business is conducted all over the world.

3. Vantage's "footprint" in the Cayman Islands, however, is completely irrelevant to the sole issue before the Court: whether there is complete diversity between Vantage and Su. As Su *himself* admits, because Vantage is incorporated under the laws of the Cayman Islands,

1

Vantage is deemed a Cayman Islands "citizen" for jurisdictional purposes—pure and simple.[1] Dkt. No. 1 at ¶3. Because Su is an alien, there are aliens on both sides of this litigation and the Motion to Remand should be granted. The controlling statute requires that result: 28 U.S.C. § 1332(c)(1) unambiguously states that a corporation is deemed a citizen of "<u>every State and foreign state by which it has been incorporated</u>." (emphasis added). Since the nineteenth century, the Supreme Court of the United States has held that for jurisdictional purposes, foreign corporations are citizens of their place of incorporation—regardless of their overseas footprint. *See, e.g.*, *Steamship Co. v. Tugman*, 106 U.S. 118, 121 (1882); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 100 (2002). In 1958, the diversity statute was amended to ***add*** a corporation's principal place of business as an additional place of citizenship, but the amendment left untouched the long-standing rule that corporations—foreign or domestic—are also deemed citizens of their place of incorporation.

4.      Counsel has been unable to locate a single case—at any time and in any jurisdiction—even ***suggesting*** that a corporation's business footprint in its state of incorporation might permit the parties to ignore the plain language of §1332(c)(1). Respectfully, "[t]<u>he question of diversity jurisdiction for corporations with dual citizenship is not an either/or proposition in which the parties on either side of the dispute (or the Court for that matter) are given a choice to decide which citizenship applies in any particular case</u> and thus to determine the existence of diversity jurisdiction based on that one citizenship. Rather, for this Court to exercise jurisdiction over a matter, the diversity test must be satisfied under both citizenships." *IGY Ocean Bay Properties, Ltd. v. Ocean Bay Properties I Ltd.*, 534 F.Supp.2d 446, 449 (S.D.N.Y. 2008) (emphasis added); *accord Panalpina Welttransport GmBh v. Geosource, Inc.*,

---

1. If Su reverses course on this point, Vantage may move to be heard, as Su has the burden of proof on this issue and to date Su has not questioned Vantage's Cayman citizenship.

764 F.2d 352, 354 (5th Cir. 1985) (refusing to "ignore" the Cayman incorporation of the subsidiary of a company doing business in Houston, Texas in a diversity jurisdiction analysis).

Dated: November 8, 2012

Respectfully Submitted,

OF COUNSEL:

By: */s/ Richard W. Mithoff*
Richard W. Mithoff
State Bar No. : 14228500
Southern District No. 2102
Sherie P. Beckman
State Bar No. 16182400
Southern District No. 11098
Warner V. Hocker
State Bar No. 24074422
Southern District No. 1133732
**MITHOFF LAW FIRM**
500 Dallas Street
One Allen Center, Suite 3450
Houston, TX 77002
Telephone: 713-654-1122
Facsimile: 713-739-8085

By: */s/ Robin C. Gibbs*
Robin C. Gibbs
State Bar No. 07853000
Southern District No. 4790
**GIBBS & BRUNS, LLP**
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: 713-650-8805
Facsimile: 713-750-0903

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:

David Sheeren
State Bar No. 24079313
Southern District No. 1339705
**GIBBS & BRUNS, LLP**
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: 713-650-8805
Facsimile: 713-750-0903

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel via Electronic filing and/or U.S. mail, pursuant to the Federal Rules of Civil Procedure and the Southern District's Local Rules, on this the 8th day of November, 2012:

*Via U.S. Mail and Email*
Mark D. Manela
mmanela@mayerbrown.com
Jessica Crutcher
jcrutcher@mayerbrown.com
Quinncy McNeal
qmcneal@mayerbrown.com
**Mayer Brown, LLP**
700 Louisiana, Suite 3400
Houston, Texas 77002-2730


   */s/ David Sheeren*
David Sheeren

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VANTAGE DRILLING COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION 4-12-CV-03131 |
| versus | § | |
| | § | |
| HSIN-CHI-SU, AKA NOBU SU, | § | |
| | § | |
| DEFENDANT. | § | |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The Court has considered Plaintiff's Motion to Remand, and the responses and replies thereto. The Court, after having considered same, is of the opinion that the Motion to Remand is well taken.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Remand is hereby GRANTED, and this cause is hereby REMANDED to the 295th Judicial District Court, Harris County, Texas.

Signed this ___ day of _____, 2012.

_____
Honorable Lynn N. Hughes
United States District Judge