EXHIBIT 9

# HILL DICKINSON

Vantage Drilling Poland
46A Avenue John F Kennedy
Luxembourg

Our Ref: 1094801.1.RSG
Doc Ref: 115920088v1
Date: 21st December 2012

Direct Line: +44 (0)20 7280 9203

Please ask for Russell Gardner

Dear Sirs

Re:     **Notification of Worldwide Freezing Injunction**

We are solicitors in London representing Lakatamia Shipping Company Limited.

Our clients have commenced proceedings in the English High Court against Nobu Su (aka Hsin Chi Su) and the following companies: TMT Company Limited, TMT Asia Limited, Taiwan Maritime Transportation Company Limited, TMT Company Limited (Panama) SA, TMT Company Limited, Liberia and Iron Monger I Limited. The claim is for breach of an FFA agreement and is in the sum of around US$50 million. Our clients have in addition obtained the attached world-wide freezing injunction against the defendants dated 6th October 2011 which, among other things, prohibits them from disposing of, dealing with or diminishing the value of any of their assets whether they are in or outside England and Wales up to the value of US$48,824,440.24. This was subject to appeal by the defendants but the appeal was dismissed in accordance with the attached Court of Appeal order dated 18th July 2012.

We refer you to the penal notice on the front of the injunction which, apart from indicating that it applies to any directors of the companies referred to above, states: "Any other person who knows of this Order and does anything which helps or permits any of the Defendants to breach the terms of this Order may also be held to be in contempt of Court and may be sent to prison, fined or have their assets seized." We would also bring to your attention the fact that Mr Su has failed, inter alia, to comply with paragraph 3 of the Court of Appeal order concerning the provision of information.

You are on notice accordingly.

Yours faithfully

*Hill Dickinson LLP*

**Hill Dickinson LLP**

www.hilldickinson.com

The Hill Dickinson Legal Services Group has offices in Liverpool, Manchester, London, Chester, Sheffield, Piraeus and Singapore.

Hill Dickinson LLP
Irongate House
Duke's Place
London EC3A 7HX
Tel: +44 (0)20 7283 9033
Fax: +44 (0)20 7283 1144
DX 550 City of London

Hill Dickinson LLP is a limited liability partnership registered in England and Wales with registered number OC314079. Its registered office is at No. 1 St. Paul's Square, Liverpool L3 9SJ.
It is authorised and regulated by the Solicitors Regulation Authority.

RECEIVED
02. 01. 2013



Her Majesty's Court of Appeal

1 8 JUL 2012

COURT 71
Appeal No.

A3/2011/2736

WEDNESDAY 18TH JULY 2012

# IN THE COURT OF APPEAL

ON APPEAL FROM THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

2011FOLIO357

BEFORE   THE MASTER OF THE ROLLS
               LORD JUSTICE LONGMORE
And        LORD JUSTICE SULLIVAN

**BETWEEN**

NOBU SU LIMITED & OTHERS                  **APPELLANTS**

- and -

LAKATAMIA SHIPPING COMPANY LIMITED     **RESPONDENT**

**ON READING** the Appellant's Notice sealed on the 25th October 2011 filed on behalf of the Appellants 1-5 on appeal from the order of Mr Justice Beatson dated 18th October 2011

**AND ON HEARING** Mr Alan Steinfeld QC and Mr Yash Kulkarni of counsel for the Appellants and Mr Stephen Phillips QC and Mr Noel Casey of counsel for the Respondent

**IT IS ORDERED** that

1) the appeal be dismissed;

2) the Appellants do pay the Respondent's costs to be subject to detailed assessment;

3) the Appellants do provide the disclosure set out in paragraphs 5(1) and 5(2) of Mr Justice Beatson's order dated 6 October 2011 within the time periods set out therein, running from the date of this hearing;

4) the Appellants do make an interim payment on account of the Respondent's costs of this appeal in the sum of £35,000.

[The Court Sat from 14.08 to 16.00





*By the Court*

IN THE HIGH COURT OF JUSTICE    2011 Folio No.357
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

IN PUBLIC
The Honourable Mr Justice Beatson

BETWEEN:

LAKATAMIA SHIPPING COMPANY LIMITED

Claimant

- and -

(1) NOBU SU
(2) TMT COMPANY LIMITED
(3) TMT ASIA LIMITED
(4) TAIWAN TRANSPORTATION COMPANY LIMITED
(5) TMT COMPANY LIMITED (PANAMA) SA
(6) TMT COMPANY LIMITED, LIBERIA
(7) IRON MONGER 1 LIMITED

Defendants

ORDER

PENAL NOTICE

If you, the within named Nobu Su, TMT Company Limited, TMT Asia Limited, Taiwan Trasportation Company Limited, TMT Company Limited (Panama) SA, TMT Company Limited, Liberia or Iron Monger 1 Limited disobey this Order you may be held to be in contempt of Court and sent to prison or fined or your assets may be seized or, in the case of corporate entities, any of your directors may be sent to prison or fined or your assets may be seized. Any other person who knows of this Order and does anything which helps or permits any of the Defendants to breach the terms of this Order may also be held to be in contempt of Court and may be sent to prison, fined or have their assets seized.

UPON HEARING Leading Counsel for the Claimant and Leading Counsel for the Defendants

AND UPON READING the First to Fifth Affidavits of Russell St John Gardner and the First and Second Affidavits of William Marshall

AND UPON THE CLAIMANT giving the undertakings set out in the Schedule hereto

IT IS HEREBY ORDERED AND DIRECTED THAT:

Introduction

1. The freezing injunction granted by Mr Justice Blair on 19th August 2011 be continued as more particularly set forth herein.

The Freezing Injunction

2. The Defendants must not –

    (1) Remove from England and Wales any of their assets which are in England and Wales up to the value of US$48,824,440.24; or

    (2) In any way dispose of, deal with or diminish the value of any of their assets whether they are in or outside England and Wales up to the same value.

3. Paragraph 2 applies to all of the Defendants' assets whether or not they are in their own names and whether they are solely or jointly owned. For the purpose of this Order the Defendants' assets include any asset which they have the power, directly or indirectly, to dispose of or deal with as if it were their own. The Defendants are to be regarded as having such power if a third party holds or controls the asset in accordance with their direct or indirect instructions.

4. (1) If the total value free of charges or other securities ("total unencumbered value") of the Defendants' assets in England and Wales exceeds US$48,824,440.24, the Defendants may remove any of those assets from England and Wales or may

dispose of or deal with them so long as the total unencumbered value of the Defendants' assets still in England and Wales remains above US$48,824,440.24.

(2) If the total unencumbered value of the Defendants' assets in England and Wales does not exceed US$48,824,440.24, the Defendants must not remove any of those assets from England and Wales and must not dispose of or deal with any of them. If the Defendants have other assets outside England and Wales, they may dispose of or deal with those assets outside England and Wales so long as the total unencumbered value of all their assets whether in or outside England and Wales remains above US$48,824,440.24.

Provision of Information

5. (1) Unless sub-paragraph (3) applies, the First Defendant must swear and serve on the Claimant's solicitors an affidavit detailing all of his assets worldwide with a value exceeding US$100,000, whether in his own name or not and whether solely or jointly owned, giving the value, location and details of all such assets. The First Defendant must use his best endeavours to swear and to serve this affidavit within 28 days of the date of this order (*viz.* by 4pm on 3rd November 2011), but in any event, the First Defendant must swear and serve this affidavit within 45 days of the date of this order (*viz.* by 4pm on 20th November 2011).

(2) Unless sub-paragraph (3) applies, the Second to Seventh Defendants must, by a Director, swear and serve on the Claimant's solicitors an affidavit detailing all of their respective assets worldwide with a value exceeding US$100,000, whether in their own name or not and whether solely or jointly owned, giving the value, location and details of all such assets. The Second to Seventh Defendants must use their best endeavours to swear and to serve their respective affidavits on the Claimant's solicitors within 14 days of the date of this order (*viz.* by 4pm on 20th October 2011), but in any event, the Second to Seventh Defendants must swear and serve their respective affidavits as aforesaid within 28 days of the date of this order (*viz.* by 4pm on 3rd November 2011).

(3) If the provision of any of this information is likely to incriminate the Defendants, they may be entitled to refuse to provide it, but they are recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Defendants and/or their directors liable to be imprisoned, fined or have their assets seized.

Exceptions

6. Exceptions to this Order:

(1) This Order does not prohibit the Defendants from spending a reasonable sum on living expenses and legal advice and representation. But before spending any money the Defendants must tell the Claimant's solicitors where the money is to come from.

(2) This Order does not prohibit the Defendants from dealing with or disposing of any of their assets in the ordinary and proper course of business.

(3) The Defendants may agree with the Claimant's solicitors that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

(4) This Order will cease to have effect if the Defendants –

(a) provide security by paying the sum of US$48,824,440.24 into Court, to be held to the order of the Court; or

(b) make provision for security in that sum by another method agreed with the Claimants' solicitors.

Costs

7. The costs of this application are reserved to the handing down of judgment.

Variation or Discharge of this Order

12. Anyone served with or notified of this Order may apply to the court at any time to vary or discharge this Order (or so much of it as affects that person), but they must first inform the Claimant's solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Claimant's solicitors in advance.

13. A Defendant who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement. A Defendant which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

Effect of this order

14. It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

Set off by banks

15. This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the Defendants before it was notified of this order.

Withdrawals by the Respondent

16. No bank need enquire as to the application or proposed application of any money withdrawn by the Defendants if the withdrawal appears to be permitted by this Order.

Persons outside England and Wales

17. (1) Except as provided in sub-paragraph (2) below, the terms of this Order do not affect or concern anyone outside the jurisdiction of this Court.

    (2) The terms of this Order will affect the following persons in a country or state outside the jurisdiction of this Court –

        (a) the Defendants or their officers or agents appointed by power of attorney;

        (b) any person who –

            (i) is subject to the jurisdiction of this Court;

            (ii) has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

            (iii) is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this Order; and

        (c) any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

Assets located outside England and Wales

18. Nothing in this Order shall, in respect of assets located outside England and Wales, prevent any third party from complying with –

    (1) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Defendants; and

(2)   any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Claimant's solicitors.

Communications with the Court

19.   All communications to the Court about this Order should be sent to –

Room EB09, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number. The telephone number is 0207 947 6826.

The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.

# SCHEDULE

(1)   If the Court later finds that this Order has caused loss to the Defendants, and decides that the Defendants should be compensated for that loss, the Claimant will comply with any Order the court may make.

(2)   The Claimant will: (a) on or before 20 November 2011 cause a written guarantee in the sum of £100,000 to be issued from a bank within England or Wales, in respect of any order the Court may make pursuant to paragraph (1) above; (b) immediately upon issue of the guarantee, cause a copy to be served on the Defendants' solicitors.

(3)   Anyone notified of this Order will be given a copy of it by the Claimant's solicitors.

(4)   The Claimant will pay the reasonable costs of anyone other than the Defendants which have been incurred as a result of this Order including the costs of finding out whether that person holds any of the Defendants' assets and if the Court later finds that this Order has caused such person loss, and decides that such person should be compensated for that loss, the Claimant will comply with any Order the Court may make.

(5)   If this order ceases to have effect (for example, if the Defendants provide security) the Claimant will immediately take all reasonable steps to inform in writing anyone to whom they have given notice of this Order, or whom they have reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

(6)   The Claimant will not without the permission of the Court use any information obtained as a result of this Order for the purpose of any civil or criminal proceedings, either in England and Wales or in any other jurisdiction, other than this Claim.

2011 Folio No. 357

## IN THE HIGH COURT OF JUSTICE
## QUEEN'S BENCH DIVISION
## COMMERCIAL COURT

IN PUBLIC
The Honourable Mr Justice Beatson

BETWEEN:

**LAKATAMIA SHIPPING COMPANY LIMITED**

Claimant

- and -

(1) NOBU SU
(2) TMT COMPANY LIMITED
(3) TMT ASIA LIMITED
(4) TAIWAN TRANSPORTATION COMPANY LIMITED
(5) TMT COMPANY LIMITED (PANAMA) SA
(6) TMT COMPANY LIMITED, LIBERIA
(7) IRON MONGER LIMITED

Defendants

---

ORDER

---

Hill Dickinson LLP
Irongate House
Duke's Place
London EC3A 7HX

Tel: 020 7283 9033
Fax: 020 7283 1144
Solicitors for the Claimant