UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Vantage Drilling Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-12-3131 |
| | § | |
| Hsin-Chi-Su, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Remand

1.    Vantage Drilling Company is chartered in the Cayman Islands and principally operates
      in Texas. Vantage sued Hsin-Chi-Su in a Texas district court, and Su removed it
      because he is a Taiwanese citizen. Vantage seeks to remand it because both parties are
      foreign. It will remain in federal court.

2.    Courts have often remanded these cases when both sides reside out of the forum.[1] In
      this case, the lack of complete diversity is not between the plaintiff and the defendant;
      rather, it is an absence of diversity between the defendant and one aspect of the single
      plaintiff with dual citizenship. This arises because, like people, a corporation may have
      dual citizenship – one derived from its principal operations and another from its
      charter.[2] This corporation has chosen among its persons to use its foreign persona to
      dispute complete diversity.

---

[1] Corporation Venezolana de Fomento v. Vintero Sales Corporation, 629 F.2d 786,
790 (2nd Cir. 1980).

[2] 28 U.S.C. § 1332(c)(1) (2012) (corporations are citizens of principal place of
business and state of incorporation).

3.   Within potential federal jurisdiction, the Founders included suits between parties from different states – other American states and foreign countries. [3]  The national courts have jurisdiction over diverse parties to "guard against fraudulent laws and local prejudices."[4] Given the statute's purpose, a plaintiff with local business but with a foreign charter should not be able to bar foreign defendants from a national forum. The locality that supplies the potential parochialism is more substantial than one party's own choice between its aspects. One of those aspects – its physical presence – is cogent to its domesticity when the other party is wholly foreign.

4.   Vantage has a corporate charter from the government of the Cayman Islands. It has no employees or operations there. Its headquarters and primary operations are in Texas. Vantage hires local workers, buys local supplies, rents local buildings, donates to local charities, and serves local customers; it is fully Texan and may be favored in local courts when it is opposed by an Asian.

5.   In a case from 1806, each side had several people. All of them, except one defendant, were citizens of Massachusetts. That one defendant, Curtiss, was a citizen of Vermont, and he removed the case. For the court, Chief Justice John Marshall held that federal jurisdiction required parties to be completely diverse. The court reasoned that the local presence on both sides muted the risk of provincialism.[5] One side needed to be entirely foreign. By contrast, Vantage and Su are each singular.

6.   Three years later, the Supreme Court said a corporation could sue or be sued under diversity of citizenship only if none of its shareholders were citizens of the same state

---

[3] U.S. Const. art. III, § 2.

[4] Bank of the United States v. Deveaux, 9 U.S. (5 Cranch) 61, 67 (1809) (Marshall, C.J.). *See also* Jerguson v. Blue Dot Investment, Inc., 659 F.2d 31, 33 (5th Cir. 1981) (diversity jurisdiction supplies "a separate forum for truly foreign parties to avoid the potential of local prejudice").

[5] Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

as the adverse party.[6] This ruling was well before the economic and legal development of the limited-liability corporation,[7] and the Supreme Court reversed itself in 1844.[8] Justice James Wayne – in dictum – said that Marshall "expressed regret" about his decision. In discussing the statute, Erwin Chemerinsky has similarly noted that "nothing in its language or history supports the requirement for complete diversity."[9]

7.    In 1958, Congress adjusted corporate citizenship for the determination of diversity. The new statute made corporations citizens of the state both where they (a) incorporate and (b) primarily operate. That law does not mandate complete diversity. Section 1332(a)(2) says that federal courts have jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state." It does not say, "citizens of a State [who are also not citizens of a foreign state] and citizens or subjects of a foreign state."

8.    The statute was provoked because the "fiction of stamping a corporation a citizen of the state of its incorporation has given rise to the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the federal courts simply because it has obtained a corporate charter from another state."[10] Vantage perpetuates the fiction in reverse by relying on its foreign charter to avoid a national court despite the predominant reality of its existence.

9.    As citizens, corporations should be analyzed in parallel with an American person who has dual citizenship when he sues a foreigner. The human double-citizen may not always block removal by claiming only his foreign aspect. Removal is proper if the dual

---

[6] Deveaux, 9 U.S. (5 Cranch) at 92.

[7] John Micklethwait and Adrian Woolridge, The Company 45-46 (2003).

[8] Louisville, Cincinnati & Charleston R. Co. v. Letson, 43 U.S. 497 (1844).

[9] Erwin Chemerinsky, Federal Jurisdiction 303 (5th Ed. 2007).

[10] S. Rep. 85-1830, at 2-4 (1958), reprinted in 1958 U.S.C.C.A.N. 3099.

national's dominant nationality is American irrespective of its other affiliations.[11] If the plaintiff with dual nationality is domiciled in the United States, for instance, a national forum may be invoked by an adverse outsider. Dormant foreign citizenship does not represent the same practical risk of an inhospitable forum as the active foreigner faces.

10. A corporation's charter – like a person's dual nationality – is often disconnected from practical identity. When John Marshall first said jurisdiction requires complete diversity, he was not writing about corporations with dual citizenship. Even if he had, before 1900, charters to operate a limited-liability company were issued by legislative act – commonly for monopolies. As applied to modern companies that incorporate freely, an inconsistent, illogical interpretation of diversity allows domestic companies to deprive foreigners of the protections of a national forum, frustrating this purpose of the Constitution for equal justice under law.

11. Corporate citizens should be subject to the same test as human citizens. Because Su as a fully foreign party may face parochialism, Vantage as a local presence is obliged to litigate in this national forum.  Vantage's motion to remand is denied.


Signed on April 3, 2013, at Houston, Texas.


Lynn N. Hughes
United States District Judge

_____

[11] Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996); Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 454 (7th Cir. 2009).