UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANTAGE DRILLING COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION 4-12-CV-03131 |
| versus | § | |
| | § | |
| HSIN-CHI-SU, AKA NOBU SU, | § | |
| | § | |
| DEFENDANT. | § | |

**VANTAGE DRILLING COMPANY'S
MOTION REQUESTING CLARIFICATION OF THE COURT'S APRIL 4, 2013
ORDER CERITIFYING AN INTERLOCUTORY APPEAL**

A. <u>Procedural History</u>

As the Court is aware, on October 22, 2012, Defendant Nobu Su removed this case to federal court [Dkt. No. 1], and on November 12, 2012, Vantage moved to remand [Dkt. No. 6]. On April 3, 2013, the Court denied Vantage's motion to remand [Dkt. No. 43], and on April 4, 2013, the Court issued an order certifying a § 1292(b) interlocutory appeal of the Court's order denying remand [Dkt. No. 46], a copy of which is attached as <u>Exhibit 1</u> to this Motion.

On April 15, 2013, Vantage petitioned the Fifth Circuit for permission to appeal the denial of remand pursuant to 28 U.S.C. § 1292(b). *See* <u>Exhibit 2</u>. On April 25, 2013, Su filed an answer to Vantage's petition seeking permission to appeal, in which Su stated that he did "<u>not</u> oppose Petitioner's request for permission to appeal the district court's denial of the motion to remand . . . ." *See* <u>Exhibit 3</u> at 4.

On May 20, 2013, the Fifth Circuit held that the Court's certification of the interlocutory appeal did "[did] not provide the information or findings contemplated by § 1292(b)," and therefore denied Vantage permission to appeal the Court's denial of remand. *See* <u>Exhibit 4</u>.

1

**B. Discussion**

Vantage now respectfully moves to ask the Court to clarify its order certifying an interlocutory appeal to include the detail the Fifth Circuit has demanded. Specifically, the Fifth Circuit requires a written certification from this Court stating that: "the [remand denial] order involves a controlling question of law on which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the termination of the litigation." *See* Exhibit 4 (citing *U.S. v. Moats*, 961 F.2d 1198, 1201 & n.3 (5th Cir. 1992), a copy of which is attached as Exhibit 5).

To that end, Vantage has attached a Proposed Order clarifying the Court's certification of a § 1292(b) interlocutory appeal of the remand denial. Also, for the Court's convenience, Vantage has attached another district court's certification of a § 1292(b) appeal of a remand denial, *see* Exhibit 6 at 35-37 (Mem. Op. and Order, *Rico v. Flores*, Case No. 04-cv-00117 (S.D. Tex. May 6, 2005)), which was deemed sufficient by the Fifth Circuit, *see* Exhibit 7 (*Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007)).

**C. Conclusion**

In light of the Court's previous certification of a § 1292(b) interlocutory appeal, Su's lack of opposition to such an appeal, and the Fifth Circuit's purely procedural requirement of a slightly more detailed certification from the Court, Vantage respectfully requests that the Court enter the Proposed Order, so that Vantage may pursue its interlocutory appeal of the Court's remand denial.

Respectfully Submitted,

| OF COUNSEL: | OF COUNSEL: | |
|---|---|---|
| By: */s/ Richard W. Mithoff* <br> Richard W. Mithoff <br> State Bar No. 14228500 <br> So. District No. 2102 <br> Sherie P. Beckman <br> State Bar No. 16182400 <br> So. District No. 11098 <br> Warner V. Hocker <br> State Bar No. 24074422 <br> So. District No. 1133732 <br> **MITHOFF LAW FIRM** <br> 500 Dallas Street <br> One Allen Center <br> Suite 3450 <br> Houston, TX 77002 <br> Telephone: 713-654-1122 <br> Facsimile: 713-739-8085 | By: */s/ Vidal G. Martinez* <br> Vidal G. Martinez <br> State Bar No. 13144650 <br> So. District No. 4190 <br> **MARTINEZ PARTNERS LLP** <br> One Riverway <br> Suite 1700 <br> Houston, Texas 77056 <br> Telephone: 713-300-3850 <br> Facsimile: 713-513-5546 | By: */s/ Robin C. Gibbs* <br> Robin C. Gibbs <br> State Bar No. 07853000 <br> So. District No. 4790 <br> **GIBBS & BRUNS, LLP** <br> 1100 Louisiana <br> Suite 5300 <br> Houston, Texas 77002 <br> Telephone: 713-650-8805 <br> Facsimile: 713-750-0903 <br><br> **ATTORNEY-IN-CHARGE FOR PLAINTIFF** |
| OF COUNSEL: <br><br> Julian J. Fertitta, III <br> State Bar No. 00795060 <br> So. District No. 21954 <br> GRIMES & FERTITTA, P.C. <br> 440 Louisiana <br> Suite 1818 <br> Houston, Texas 77002 <br> Telephone: 713-224-7644 <br> Facsimile: 713-224-0733 | | OF COUNSEL: <br><br> David Sheeren <br> State Bar No. 24079313 <br> So. District No. 1339705 <br> **GIBBS & BRUNS, LLP** <br> 1100 Louisiana <br> Suite 5300 <br> Houston, Texas 77002 <br> Telephone: 713-650-8805 <br> Facsimile: 713-750-0903 |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel via Electronic filing and/or U.S. mail, pursuant to the Federal Rules of Civil Procedure and the Southern District's Local Rules, on this the 21st day of May, 2013:

***Via U.S. Mail and Email***
Mark D. Manela
mmanela@mayerbrown.com
Jessica Crutcher
jcrutcher@mayerbrown.com
Quinncy McNeal
qmcneal@mayerbrown.com
**Mayer Brown, LLP**
700 Louisiana, Suite 3400
Houston, Texas 77002-2730


   */s/ David Sheeren*
David Sheeren

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANTAGE DRILLING COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION 4-12-CV-03131 |
| versus | § | |
| | § | |
| HSIN-CHI-SU, AKA NOBU SU, | § | |
| | § | |
| DEFENDANT. | § | |

### [PROPOSED] ORDER CERTIFYING PLAINTIFF'S 28 U.S.C. § 1292(b) INTERLOCUTORY APPEAL OF THE COURT'S DENIAL OF PLAINTIFF'S MOTION TO REMAND

Title 28, § 1292(b) of the United States Code permits a district court in certain circumstances and in its discretion to certify appeal orders that are otherwise not appealable. Under § 1292(b), a court may certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). The district judge must make a proper certification statement in its order that these three criteria have been met.

The Court finds that this case meets this burden. There is no doubt that the removability of Plaintiff's claims is a controlling question of law. Subject matter jurisdiction or the lack thereof is clearly a controlling issue. Resolution of this matter hinges upon whether diversity jurisdiction under 28 § U.S.C. 1332(a)(2) exists between the plaintiff, Vantage Drilling Company (which is incorporated in the Cayman Islands and has its principal place of business in Texas) and the defendant, Nobu Su (an individual citizen of Taiwan).

There is substantial ground for difference of opinion about this question of law. For example, courts have often remanded cases when both sides reside out of forum, because of the lack of complete diversity between the plaintiff and defendant. *See Corporation Venezolana de Fomento v. Vintero Sales*

*Corporation*, 629 F.24 786, 790 (2nd Cir. 1980). Also, although the text of 28 § U.S.C. 1332(c)(1) provides that Vantage is a citizen of both its place of incorporation (the Cayman Islands), and its principal place of business (Texas), it is questionable whether Vantage is permitted to chose among its dual personas to use only its foreign persona to dispute complete diversity. There is also a substantial question whether Fifth Circuit authority on these issues with respect to human citizens, *see Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996), applies in equal force to corporate citizens.

Finally, an immediate appeal will materially advance the ultimate termination of the litigation. Resolution of this issue directly determines whether this Court has subject matter jurisdiction over this case. At this stage, it would inure to the benefit of both parties and the orderly administration of justice if an early determination of jurisdiction is made.

This Court, therefore, certifies this case for immediate interlocutory appeal under Title 28, § 1292(b).

Signed this ___ day of _____, 2013.

_____

Honorable Lynn N. Hughes

United States District Judge