UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANTAGE DRILLING COMPANY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-03131 |
| | § | |
| HSIN-CHI-SU A/K/A NOBU SU, | § | |
| | § | |
| Defendant. | § | |

**SU'S MOTION FOR CLARIFICATION OF THE COURT'S AUGUST 14, 2013
ORDER AND MOTION FOR EXPEDITED DISCOVERY, EXTENSION OF TIME TO
FILE RESPONSE AND REQUEST FOR EVIDENTIARY HEARING**

**I.    Procedural History**

On August 14, 2013, Vantage filed an Application for a Preliminary Injunction and Motion for Expedited Discovery (Dkt. No. 75) seeking to bar Su from "taking any action to sell, transfer, hypothecate, pledge or otherwise encumber any shares of Vantage Drilling Company held either in Su's individual capacity or by and through F3 Capital or any other entity under Su's direct or indirect control" (Dkt. No. 78, proposed order).  Vantage also renewed its motion for an expedited deposition of Su.  *Id*.  The same day, this Court ordered that:

1.   Complaints about the encumbrance of Vantage Drilling Company's stock arising out of the bankruptcy must be addressed in bankruptcy court.

2.   Hsin-Chi-Su may not otherwise sell, transfer, pledge, or encumber his Vantage stock without court permission.

3.   By September 13, 2013, Vantage may depose Hsin-Chi-Su (Dkt. No. 79).

The notice of electronic filing pertaining to the order notes the following:  "ORDER on Stock Encumbrance terminating [75]. Hsin-Chi-Su may not otherwise sell, transfer, pledge, or encumber his Vantage stock without court permission.  By 9/13/2013, Vantage may depose Hsin-Chi-Su. (Signed by Judge Lynn N. Hughes) Parties notified. (ghassan, )."[1]

---

[1]    A copy of the notice is attached as Exhibit A.

-2-

**II.     Discussion**

The electronic transfer notice transmitting the order references Vantage's application for preliminary injunction and motion for expedited discovery (Dkt. No. 75) as having been "terminated." Clarification is sought on whether there is to be no hearing on Vantage's application for preliminary injunction, whether the Court is allowing discovery in advance of an evidentiary hearing on the application or, possibly, whether any sale, transfer, pledge, or encumbrance of Vantage stock cannot be done without the Bankruptcy Court's permission.

**III.    Motion For Expedited Discovery, Extension Of Time To File Response And Request For Evidentiary Hearing**

If it was not the Court's intention to terminate Vantage's application for preliminary injunction, Su's response is due on September 4, 2013.[2] To fully prepare the response, Su respectfully asks for leave to also conduct expedited depositions of Christopher DeClaire[3] and Paul Bragg[4] to be completed by September 13, 2013 – the same deadline imposed by this Court to present Su for deposition. Su also asks for an extension of time to respond to Vantage's application for preliminary injunction until September 27, 2013. Finally, Su asks the Court to schedule an evidentiary hearing thereafter.

As demonstrated in Su's motion to dismiss, Vantage's own pleadings and public filings reveal the implausibility of its claims (Dkt. No. 53). Moreover, the entirety of Vantage's claims flow from the allegation that "Su misled Vantage with respect to the terms of the DSME contract

---

[2]   According to LR7.4 of the Local Rules for the Southern District of Texas, Su must respond by the submission date, which is 21 days from the day Vantage filed its motion. LR7.3.

[3]   DeClaire is a founder of Vantage and serves as its Chief Administrative Officer, Vice President and Secretary. DeClaire submitted an affidavit in support of Vantage's application for preliminary injunction (Dkt. No. 77-1). Su seeks leave to depose DeClaire concerning the allegations made in his affidavit.

[4]   Bragg is the CEO and Chairman of Vantage. Bragg was directly involved in the negotiations with Su over the disputed transactions. Su seeks leave to depose Bragg concerning the alleged misrepresentations that form the basis of Vantage's claims.

to build the Platinum Explorer, claiming that he had already made a required 30% down payment of approximately $202 million for the Platinum Explorer, and that an additional 70% would be due upon the ship's completion" (Dkt. No. 75 at 7-8) and "[t]hen, like falling dominoes, Su's misrepresentations triggered a series of crises for Vantage that threatened its ability to acquire the Platinum Explorer and later the Titanium Explorer…" (*Id*. At 8-9).  Other than the say-so of Christopher DeClaire (Dkt. No. 77-1), Vantage has offered no evidence of Su's alleged misrepresentations.[5]  Su can offer evidence that those allegations are false.

An evidentiary hearing is necessary because there are genuine disputes of material fact to preclude granting Vantage the injunctive relief sought in its application.  There is also a question of whether the injunctive relief sought by Vantage is proper because it is undisputed that F3 Capital, a non-party to this suit, not Su, owns the Vantage stock in dispute (Dkt. No. 75 at 5).[6]

**IV.     Conclusion**

Su respectfully requests clarification of the August 14, 2013 order.  Su further requests that the Court permit that the depositions of DeClaire and Bragg to be taken by September 13, 2013, that Su's response to Vantage's application for preliminary injunction be extended until September 27, 2013, and that the Court schedule an evidentiary hearing thereafter.  Finally, Su respectfully requests all other relief, whether at law or in equity, to which he shows himself justly entitled.

---

[5]     As Su notes in his motion to dismiss, Vantage's allegations fall far short of the heightened pleading requirement under FED. R. CIV. P. 9(b) because they do not adequately describe "the who, what, when, where, and how" of the alleged misrepresentations that serve as the foundation for all of Vantage's claims (Dkt. No. 53 at 9-10).

[6]     Out of deference to the Court, Su discloses that, in connection with Bracewell's representation of Su, F3 Capital granted a security interest in a certain number of its shares in Vantage to Bracewell in order to ensure the payment of its legal services.  Su, through counsel, notified Vantage of this transaction in writing on July 26, 2013 and requested that Vantage note the same in Vantage's Register of Members.  Vantage, through counsel, notified Su on August 5, 2013 of Vantage's refusal to do so.  Vantage's refusal is but one recent example of the oppressive conduct of Vantage towards Su during a time Vantage perceives Su to be financially vulnerable.  To the extent the Court deems it necessary, Su will seek permission from the Court to permit this transaction in order to ensure that Su can continue to retain counsel to represent him.

-4-

          Respectfully Submitted,

          By:   */s/ Bryan S. Dumesnil*
              Bryan S. Dumesnil
              State Bar No. 00793650
              Southern District No. 20999
              Attorney-In-Charge for Nobu Su
              BRACEWELL & GIULIANI LLP
              711 Louisiana St., Suite 2300
              Houston, Texas 77002-2770
              (713) 223-2300 Telephone
              (713) 221-1212 Facsimile

Of Counsel:

Ralph D. McBride
State Bar No. 13332400
Southern District No. 0818
Bradley J. Benoit
State Bar No. 24012275
Southern District No. 24495
Phillip L. Sampson
State Bar No. 00788344
Southern District No. 16837
BRACEWELL & GIULIANI LLP
711 Louisiana St., Suite 2300
Houston, Texas 77002-2770
(713) 223-2300 Telephone
(713) 221-1212 Facsimile
Counsel for Nobu Su

#4352698.2

-5-

## **CERTIFICATE OF SERVICE**

I certify that on August 16, 2013, I electronically filed the foregoing by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification:

>Robin C. Gibbs
>David Sheeren
>Gibbs & Bruns, LLP
>1100 Louisiana, Suite 5300
>Houston, Texas 77002
>
>Richard W. Mithoff
>Sherie P. Beckman
>Warner Hocker
>Mithoff Law Firm
>500 Dallas Street, Suite 3450
>Houston, Texas 77002
>
>Vidal Gregory Martinez
>Martinez Partners LLP
>One Riverway, Suite 1700
>Houston, Texas 77056
>
>Julian Fertitta, III
>Grimes Fertitta PC
>440 Louisiana, Suite 1818
>Houston, Texas 77002

　　　　　　　　　　　　　　　　　　　　　　*/s/ Bryan S. Dumesnil*
　　　　　　　　　　　　　　　　　　　　　　Bryan S. Dumesnil

#4352698.2